UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JING CHUN WU,

                Plaintiff,

-against-

ALAN LEVINE in his official capacity;
ARNOLD N. PRICE in his official capacity;
EVELYN SABBA; HARRY'S NURSE'S
REGISTRY, INC.,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-1234 (NG)

FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.
★ JUN 7 2005 ★
TIME A.M. _____
P.M. _____

**GERSHON, United States District Judge:**

Plaintiff Jing Chun Wu, appearing *pro se*, brings this complaint pursuant to 42 U.S.C. §§ 1983 and 1985 to prevent the foreclosure of real property located at 45-08 Skillman Avenue in Queens County. Plaintiff also seeks damages and other injunctive relief. Amended Compl. at 19. Plaintiff has paid the statutory filing fee to commence this action. The complaint is dismissed, *sua sponte*, for the reasons set forth below.

## Background

Plaintiff seeks "injunctive relief from this Court to prevent several individuals, using the authority of the Supreme Court of the State of New York, from continu[ing the] foreclosure sale of the discharged property. Both Queens Court and Appellate Division of the New York Supreme Court have absolutely refused to provide any opportunity to litigate plaintiff's constitutional defenses to such actions. The state action is Evelyn Sabba v. Jen Kuo Chen, Hsien Mei Chen, Jing Chun Wu, et al., Index No. 8220/90 (Supreme Court, Queens County)." Amended Compl. at 1. Defendants LeVine and Price are judicial officers who have presided over the state court action. Id. at 2.

1

## Judicial Immunity

Plaintiff's complaint cannot proceed against Judges LeVine and Price. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted). See also Stump v. Sparkman, 435 U.S. 349, 356 (1978); Tucker v. Outwater, 118 F.3d 930, 932-33 (2d Cir.), *cert. denied*, 522 U.S. 997 (1997). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). Pursuant to the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), section 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). Here, plaintiff does not allege that Judges LeVine or Price violated a declaratory decree or that declaratory relief is unavailable. Jones v. Newman, No. 98 Civ. 7460 (MBM), 1999 WL 493429, at *6-7 (S.D.N.Y. June 30, 1999); Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D.N.Y. 1997). As the alleged wrongdoing of Judges LeVine and Price were acts performed in their judicial capacity, plaintiff's claims against these defendants are foreclosed by absolute immunity and are dismissed.

## Rooker-Feldman Doctrine

This Court lacks subject matter jurisdiction over plaintiff's complaint pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v.

Feldman, 460 U.S. 462, 482-86 (1983) ("Rooker-Feldman doctrine"). The United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.[1] The Rooker-Feldman doctrine dictates that lower federal courts, such as the Eastern District, may not review state court decisions. Vargas v. City of New York, 377 F.3d 200, 205 (2d Cir. 2004). This doctrine also prohibits the district court from reviewing claims that are "inextricably intertwined" with a state court's determinations. Id. Like any challenge to subject matter jurisdiction, a challenge under Rooker-Feldman "may be raised at any time by either party or *sua sponte* by the court." Moccio v. New York State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996).

In the instant action, plaintiff seeks to set aside the judgment of foreclosure and sale dated May 1, 2000, Amended Compl. ¶ 12, alleging that it was unlawfully obtained since her mortgage debt to defendant Sabba was discharged in a Bankruptcy Court proceeding in 1995. Id. ¶¶ 21-22. Plaintiff alleges that Judge LeVine "ignored" plaintiff's evidence of the discharge, Id. ¶ 31 and that Judge Price refused to hold an evidentiary hearing to review her evidence. Id. ¶ 44. Plaintiff thereafter alleges that defendant Sabba "received full payment of $99,685.44 in total, the purchase contract was settled in which the $30,000 of loan almost paid back in double." Id. ¶ 56. Plaintiff unsuccessfully appealed to the Appellate Division. Id. ¶¶ 106-111.

A claim is inextricably intertwined with the state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issue before it," Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987), or where the plaintiff had an opportunity to litigate in state

---

[1] The United States Supreme Court is the only court that may review a state court judgment in circumstances other than those described above. 28 U.S.C. § 1257(a); Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998).

court. Vargas, 377 F.3d at 205; Moccio, 95 F.3d at 199-200. Plaintiff's complaint is inextricably intertwined with the state court judgment as plaintiff has already litigated this matter in state court, and any federal claim would require this Court to hold that the state court wrongly decided the judgment of foreclosure.

Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine. In Rene v. Citibank NA, 32 F.Supp.2d 539 (E.D.N.Y. 1999), plaintiff alleged that the judgment of foreclosure was obtained in violation of 42 U.S.C. § 1983 and the Racketeer and Corrupt Organizations Act (RICO). The Court in holding that it had no authority over the action, noted that "[t]he claims raised ... implicate the propriety of the state judgment of foreclosure and eviction — the very issues apparently decided by the state court." Id. at 543. See also Dockery v. Cullen & Dykman, 90 F.Supp.2d 233, 236 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); Beckford v. Citibank NA, No. 00-CV-205, 2000 WL 1585684, at *3 (S.D.N.Y. Oct. 24, 2000) (federal court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings); Drew v. Chase Manhattan Bank, NA, No. 95-CV-3133, 1998 WL 430549, at *6 (S.D.N.Y. July 30,1998) (federal court lacks jurisdiction over claim that judgment of foreclosure was obtained by fraud).

Finally, any attempt by plaintiff to invoke federal jurisdiction by alleging the violation of her civil rights under 42 U.S.C. §§ 1983 and 1985 during the foreclosure proceedings must fail. Although plaintiff invokes federal jurisdiction by alleging the violation of her civil rights under Section 1983 and 1985, it is clear that the claim relates to the judicial foreclosure proceeding itself and therefore is inextricably intertwined with the state proceeding. Plaintiff cannot circumvent the Rooker-Feldman doctrine by recasting her claims as a federal civil rights violation. Davidson v.

4

Garry, 956 F.Supp. 265, 268-69 (E.D.N.Y. 1996); Drew, 1998 WL 430549 at *5 (citing Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989). Here, plaintiff's claims of constitutional and civil rights violations arise from the state court proceedings. "The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of Rooker-Feldman." Parra v. Greenpoint Mortgage Co., No. 01-CV-2010 (DGT), 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26 2002) (quotations omitted). As such, this Court lacks subject matter jurisdiction over plaintiff's complaint.

## Conclusion

Accordingly, plaintiff's claims against defendants LeVine and Price are dismissed as they are immune from suit. The remainder of the complaint is dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
June 3, 2005